No. 4:25-cv-03755

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

---

In re STEWARD HEALTH CARE SYSTEM LLC, *et al.*, Debtors.

---

KEVIN M. EPSTEIN, UNITED STATES TRUSTEE FOR REGION 7, Appellant,

v.

STEWARD HEALTH CARE SYSTEM LLC, *et al.*, Appellees.

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Bankr. Case No. 24-90213

---

## MOTION OF APPELLANT KEVIN M. EPSTEIN, UNITED STATES TRUSTEE, TO LIFT ABATEMENT OF MERITS BRIEFING

---

LISA A. TRACY
Deputy General Counsel
BETH A. LEVENE
Associate General Counsel
ANDREW W. BEYER
SUMI SAKATA (S.D. Tex. No. 2743902)
Trial Attorneys
Department of Justice
Executive Office for
 United States Trustees
441 G Street, NW, Suite 6150
Washington, DC 20530
Tel.: (202) 307-1399
Email: Andrew.W.Beyer@usdoj.gov
Email: Sumi.Sakata@usdoj.gov

KEVIN M. EPSTEIN
United States Trustee for Region 7
MILLIE APONTE SALL
Assistant United States Trustee
HA M. NGUYEN
Trial Attorney

Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77702
Tel.: (713)718-4650
Email: Ha.Nguyen@usdoj.gov

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

BACKGROUND ......................................................................................................... 2

    A.    Steward Health Care System LLC's chapter 11 case and the many
           bankruptcy appeals to this Court. ................................................................... 2

    B.    Proceedings before this Court to date. ........................................................... 4

        1.    Pending motions in the Settlement and Confirmation Appeals. .............. 4
        2.    The Commonwealth's mediation and related delays in merits briefing in
              the Confirmation Appeals. ........................................................................... 5

ARGUMENT ............................................................................................................. 8

    A.    The balance of equities favors allowing the appeal to proceed. ....................... 9

    B.    The abatement is of an indefinite, and thus immoderate, duration. ............. 11

CONCLUSION ....................................................................................................... 12

Appellant Kevin M. Epstein, the United States Trustee for Region 7,[1] hereby respectfully moves this Court to lift the abatement of merits briefing and allow the United States Trustee to pursue his appeal of the bankruptcy court's orders.

## PRELIMINARY STATEMENT

This Court's Order of June 9, 2026, abated merits briefing in five bankruptcy appeals, including the United States Trustee's, pending mediation of a claim by another appellant, the Commonwealth of Massachusetts, against the debtor-appellee. But the abatement fails to meet the standard established by the Supreme Court and Fifth Circuit for courts to stay their own proceedings. First, the equities favor allowing this appeal to go forward. The mediation will not in any way resolve the United States Trustee's appeal of various errors by the bankruptcy court, the Commonwealth and Appellees have not shown what harm they will suffer if this appeal proceeds, and abatement is not in the public interest. Second, courts may not abate their proceedings for an indefinite period and there appears no end in sight for

---

[1] The United States Trustee is a Department of Justice official appointed by the Attorney General to supervise bankruptcy cases' administration. 28 U.S.C. §§ 581 – 589. United States Trustees are "charged with promoting the integrity of the bankruptcy system for all stakeholders," *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 212-13 (2024), and "serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena," H.R. Rep. No. 95-595, at 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6049. With one exception not applicable here, the United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding under this title." 11 U.S.C. § 307.

the mediation.  The United States Trustee's appeal should proceed without further delay.

## BACKGROUND

**A.    Steward Health Care System LLC's chapter 11 case and the many bankruptcy appeals to this Court.**

A chapter 11 bankruptcy case typically produces a "plan" that either provides for reorganization and ongoing operation of the debtor's business or liquidation and distribution to creditors.  11 U.S.C. §§ 1121 – 1129.  The plan's proponent must provide creditors with a court-approved disclosure statement that contains adequate information to determine whether to vote for the plan.  11 U.S.C. § 1125(a)-(b).  A bankruptcy court may confirm a chapter 11 plan only if it complies with all of the requirements under section 1129 of the Bankruptcy Code.  11 U.S.C. § 1129(a).

Debtor Steward Health Care System LLC filed a chapter 11 bankruptcy petition in May of 2024.  Bankr. Dkt. 1.[2]  During the course of that case, the bankruptcy court approved a settlement agreement between Steward Health and its secured lenders.  Bankr. Dkt. 5035.  Three parties—the Commonwealth of Massachusetts (the "Commonwealth"), TRACO International Group S. de R.L. ("TRACO"), and a group of participants and beneficiaries in Steward Health's deferred compensation plans (the "Participants")—appealed the bankruptcy court's settlement order, consolidated under Civil Action No. 25-02825 (lead) ("Settlement

---

[2] "Bankr. Dkt." refers to entries in Steward's bankruptcy case.

2

Appeals"). The United States Trustee took no position on the settlement agreement and did not appeal the settlement order.

About a year ago, the bankruptcy court approved Steward Health's disclosure statement and confirmed its chapter 11 plan, Bankr. Dkt. 5774, over the objections of various parties, *see*, *e.g.*, Bankr. Dkt. Nos. 4909, 4921, 4923, 5289, 5334, 5335. The United States Trustee also objected, maintaining among other things that Steward Health's plan was unconfirmable as it: (i) ordered the release of non-debtors' claims against other non-debtors without the releasing parties' express consent; and (ii) failed to pay administrative claimants in full, without their affirmative consent to accept less, and failed to comply with other protections required under section 1129(a)(9)(A). *See* Bankr. Dkt. No. 5301.

The following parties separately appealed the bankruptcy court's order confirming Steward Health's chapter 11 plan (collectively, the "Confirmation Appeals"):

(i)      the Commonwealth, docketed under Civil Action No. 25-3754,

(ii)     the United States Trustee, docketed under Civil Action No. 25-3755,

(iii)    TRACO, docketed under Civil Action No. 25-3757, and

(iv)     the Participants, docketed under Civil Action No. 25-3830.

In his appeal, the United States Trustee also appealed the bankruptcy court's orders approving Steward Health's disclosure statement and denying motions to dismiss Steward Health's case or convert it to one under chapter 7. The Participants

also separately appealed the bankruptcy court's denial of the motions to dismiss Steward Health's case or convert it to one under chapter 7, docketed under Civil Action No. 25-3824.

### B.      Proceedings before this Court to date.

#### 1.      Pending motions in the Settlement and Confirmation Appeals.

On the unopposed motion of the Commonwealth, TRACO, and the Participants, this Court abated the merits briefing schedule in the Settlement Appeals—but not the Confirmation Appeals—pending resolution of the then-anticipated motions to (i) consolidate the Confirmation Appeals and Settlement Appeals and (ii) certify the Settlement Appeals and Confirmation Appeals for direct review by the Fifth Circuit.  *See* Civ. No. 25-02825, Dkt. 19.

The Commonwealth then filed a motion in its confirmation appeal, seeking to (i) consolidate the Settlement Appeals and the Confirmation Appeals and (ii) certify the Settlement Appeals and Confirmation Appeals for direct review ("Motion to Consolidate and Certify").  *See* Civ. No. 25-3754, Dkt. 2.  The United States Trustee agreed to consolidation as the various Confirmation Appeals raise similar, overlapping issues and arise from the same operative facts.  *Id.* at 3.  He took no position on the motion for direct review.  *Id.*

Appellees Monica Blacker, Alan J. Carr, and William Transier, in their capacity as sole members of the Plan Administrator Committee, as trustee of the Plan Trust,

successor in interest to Steward Health Care System LLC and its affiliated Debtors ("Appellees") moved to dismiss the Settlement Appeals as moot ("Motion to Dismiss Settlement Appeals"). *See* Civ. No. 25-2825, Dkt. 22. Appellees then opposed the Motion to Consolidate and Certify, arguing that the Settlement Appeals should be dismissed and not consolidated, and further opposing the request for direct review certification. *See* Civ. No. 25-3754, Dkt. 12.

The Motion to Consolidate and Certify is fully briefed. *See* Civ. No. 25-3754, Dkt. 2, 12 & 14. The Motion to Dismiss Settlement Appeals is also fully briefed. *See* Civ. No. 25-2825, Dkt. 22, 23, 24 & 28.

### 2.    The Commonwealth's mediation and related delays in merits briefing in the Confirmation Appeals.

In November 2025, while the United States Trustee's appeal was abated during the government shutdown, *see* Civ. No. 25-3755, Dkt. 6 & 9, this Court entered an order in the confirmation appeals of the other appellants, upon their stipulation with the Appellees, modifying the merits briefing schedules and extending the deadline to file opening briefs by sixty (60) days, until January 2, 2026. *See* Civ. No. 25-3754, Dkt. 16. This Court then granted the United States Trustee's unopposed motion to align the deadline for his opening brief with the modified briefing schedules in the other confirmation appeals. *See* Civ. No. 25-3755, Dkt. 11. Merits briefing in the United States Trustee's appeal was thus to begin on January 2, 2026.

Prior to that deadline, the Commonwealth filed a stipulation in its confirmation appeal indicating it was entering into non-binding mediation with Appellees to potentially resolve the Commonwealth's—but only the Commonwealth's—appeals. *See* Civ. No. 24-03754, Dkt. 17. The United States Trustee is not engaged in this mediation. Because the Commonwealth is mediating the resolution of only its own financial claim against Steward Health's estate, a successful resolution of its mediation with Appellees will not resolve the United States Trustee's challenge to the bankruptcy court's orders.

When it filed the stipulation regarding its mediation with Appellees, the Commonwealth also filed stipulations in the Confirmation Appeals to further modify the merits briefing schedule by extending the opening briefs' deadline. *See, e.g.*, Civ. No. 25-03755, Dkt. 12. Because the United States Trustee believed there was a benefit to briefing all the Confirmation Appeals on the same timeline, he agreed to that extension and several further extensions of the opening deadline. *See* Civ. No. 25-03755, Dkt. 12, 13, 14 & 16.

But after months of waiting, with no scheduled end to the Commonwealth's mediation, and given the questions of public interest posed in his appeal, the United States Trustee wished to commence merits briefing. In part because of the disagreement among the appellants in the Confirmation Appeals as to whether and when to begin merits briefing, they asked this Court to schedule a status conference, which this Court granted. *See* Civ. No. 25-03755, Dkt. 15 & 18.

6

At the status conference,[3] the Commonwealth explained that it was in mediation with Appellees and Steward Health's secured lenders. Ex. 1 (Tr. at 8:15-9:2); Civ. No. 24-03754, Dkt. 35. As of the time of the hearing, there was no set timetable for concluding the mediation, which remained ongoing. Ex. 1 (Tr. at 21:9-17). The Commonwealth's position was that the appeals should not proceed piecemeal as there were overlapping issues among the Confirmation Appeals and the Commonwealth might be left trying to "unwind" the Court's view on an issue. Ex. 1 (Tr. at 17:18-20). But it requested that merits briefing be abated pending its mediation, as it asserted that briefing would divert efforts from the mediation. Ex. 1 (Tr. at 14:9-16). Appellees also asked that merits briefing be abated, asserting it would be a waste of resources. Ex. 1 (Tr. at 18:22-24). When this Court asked what would happen if the mediation were successful, the Commonwealth stated that its participation in the litigation would end. Ex. 1 (Tr. at 17:11-17). But the United States Trustee argued that his own appeal would not be impacted by the mediation and should proceed. Ex. 1 (Tr. at 25:4-26:4).

This Court granted the Commonwealth and Appellees' request to abate the briefing deadlines in the Confirmation Appeals, directing them to file status reports on the mediation every 45 days. *See* Civ. No. 24-03754, Dkt. 40 & 42. But this Court

---

[3] Not everything stated at the hearing is reflected on the transcript, due to poor audio quality, as the transcript itself acknowledges. Ex. 1 (Tr. at 1). The description of the status conference is thus supplemented from undersigned counsel's recollection.

also granted leave for appellants who wished for their appeals to be considered during the mediation to file a motion requesting such relief. *Id.* The United States Trustee submits this motion accordingly.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

In terms of weighing interests, the Supreme Court has held that "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S at 255. And it cautioned: "The stay is immoderate and hence unlawful unless so framed in its inception that its force will be stayed within reasonable limits, so far at least as they are susceptible of prevision and description." *Id.* at 257. Similarly, the Fifth Circuit has advised that "before granting a stay pending resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)).

8

Abatement of merits briefing in the United States Trustee's appeal pending the Commonwealth's mediation attempts fails to meet the standard required by the Supreme Court and Fifth Circuit. First, the balance of equities does not favor abatement, as the Commonwealth and Appellees have not shown a "clear case of hardship or inequity" that they would suffer if the United States Trustee's appeal moves forward. By contrast, it is in the public interest for the United States Trustee to vindicate his appeal. And second, with no end date set for the mediation, the abatement is of an indefinite, and thus immoderate, duration.

### A.    The balance of equities favors allowing the appeal to proceed.

The Commonwealth's mediation with Appellees will have no bearing on the United States Trustee's appeal; it will neither resolve nor narrow the issues that the United States Trustee will raise. There is simply no reason why the merits briefing in this appeal should not proceed.

The Commonwealth claims that the abatement is necessary because if it can successfully mediate its claims, it will not have to pursue its appeals. But while this may potentially save its own litigation costs,[4] there would be no savings of other parties' or judicial resources as the other appeals will continue regardless of the outcome of its mediation. Appellees' assertion that merits briefing would be a waste

---

[4] The Fifth Circuit has held that avoidance of potentially unnecessary litigation expenses was insufficient to warrant a long stay of proceedings when balancing the equities. *In re Beebe,* No. 95-20244, 1995 WL 337666 at*4 (5th Cir. May 15, 1995).

of resources is thus incorrect.  The Commonwealth further argues that it would be disadvantaged if the Court allowed the other appeals to go forward as it may later need to litigate an issue already briefed and considered by this Court.  But that is merely an argument for why the Commonwealth should also go forward with merits briefing.  Nothing about mediation precludes the Commonwealth from litigating its case simultaneously; indeed, briefing might clarify issues for the mediation.

The Commonwealth and Appellees bear the burden as the stay applicants to show a "clear case" of hardship, *Landis*, 299 U.S at 255, which they have not met.  But beyond that, staying the appeal is also not in the public interest.  One of the United States Trustee's objections to Steward Health's plan is that it deemed administrative claimants—who include medical staff and vendors who did business with Steward Health after it filed for bankruptcy—to have consented to accept only half of what Steward Health owed them, despite the claimants' lack of express affirmative agreement.[5]  Bankr. Dkt. 5301 at 3-4.  The United States Trustee maintains that such deemed consent violates the administrative claimants' right to full payment, absent their agreement otherwise, under 11 U.S.C. § 1129(a)(9)(A).  Delaying the United States Trustee's appeal delays the restoration of the administrative claimants' statutory

---

[5] Administrative expenses include "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case."  11 U.S.C. § 503(b)(1).  They are "as a rule, entitled to priority over prepetition unsecured claims."  *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 4-5 (2000); *see* 11 U.S.C. § 507(a)(2).

10

rights and impinges on the safeguards extended to such creditors under the Bankruptcy Code.

Additionally, another ground on which the United States Trustee objected to Steward Health's plan was that it violated the requirement that, absent their agreement otherwise, administrative claimants be paid "on the effective date of the plan." 11 U.S.C. § 1129(a)(9)(A); Bankr. Dkt. 5301 at 3. The plan circumvented this requirement by defining the effective date as whenever the estate recovered sufficient proceeds from various lawsuits for it to pay the administrative claimants' claims, an outcome that the bankruptcy court acknowledged might never occur. Ex. 2 (Confirmation Tr. at 15:19-25). This tautological definition undermines the protections built into the Bankruptcy Code for administrative claimants. Yet, until the bankruptcy court's decision is reversed on appeal, other debtors might propose—and the bankruptcy court might confirm—similarly improper plans whose effective dates are contingent upon monetary recoveries from speculative lawsuits. One debtor has already proposed such a copy-cat plan. *See In re First Brands Group, LLC*, Bankr. No. 25-90399 (Bankr. S.D. Tex.), Dkt. 2912 at 32 (proposing to pay administrative claimants through a litigation trust). The United States Trustee thus has a strong interest in correcting the bankruptcy court's error.

**B.      The abatement is of an indefinite, and thus immoderate, duration.**

Abatement of the appeal pending the Commonwealth's mediation is not within the "reasonable limits" required under *Landis*, 299 U.S at 257. There is no projected

11

timetable for when mediation will conclude, and its length is subject to the discretion of its participants, which do not include the United States Trustee.  This appeal should not be subjected to an abatement of this "immoderate" or "indefinite duration." *Wedgeworth*, 706 F.2d at 545.

The United States Trustee has been prepared to file his opening brief since January 2, 2026.  He has already waited for over six months for the Commonwealth to conclude its mediation.  This appeal should not be subjected to further delay.

**CONCLUSION**

For these reasons, the United States Trustee respectfully asks this Court to lift the abatement and allow briefing on the merits of this bankruptcy appeal to proceed.

July 10, 2026

Respectfully submitted,
KEVIN M. EPSTEIN
United States Trustee for Region 7

By: /s/ Sumi Sakata
Sumi Sakata
Trial Attorney

LISA A. TRACY
Deputy General Counsel
BETH A. LEVENE
Associate General Counsel
ANDREW W. BEYER
SUMI SAKATA (S.D. Tex. 2743902)
Trial Attorneys

Department of Justice
Executive Office for
 United States Trustees
441 G Street, NW, Suite 6150
Washington, DC 20530
Tel.:  (202) 307-1399
Email: Sumi.Sakata@usdoj.gov

KEVIN M. EPSTEIN
United States Trustee for Region 7
MILLIE APONTE SALL
Assistant United States Trustee
HA M. NGUYEN
Trial Attorney

Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77702
Tel.:  (713)718-4650
Email: Ha.Nguyen@usdoj.gov

13

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Bankruptcy Procedure 8013(f)(3)(A) because, excluding the parts of the document exempted by Federal Rule of Bankruptcy Procedure 8015(g), this document contains 2,852 words.

This document complies with the typeface and type-style requirements of Federal Rule of Bankruptcy Procedure 8013(f) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond font.

/s/ Sumi Sakata
Sumi Sakata
Trial Attorney

## CERTIFICATE OF CONFERENCE

Undersigned counsel understands from the statements made by counsel for the Commonwealth and Appellees at the May 27, 2026, status conference that this motion is opposed.

/s/ Sumi Sakata
Sumi Sakata
Trial Attorney

# CERTIFICATE OF SERVICE

I certify that on July 10, 2026, I caused this motion to be served via the

CM/ECF Electronic Filing system and first-class mail upon the following:

| | |
|---|---|
| Clifford W. Carlson<br>Stephanie N. Morrison<br>WEIL, GOTSHAL & MANGES LLP<br>700 Louisiana Street, Suite 3700<br>Houston, TX 77002-2755<br><br>Jeffrey D. Saferstein<br>Gregory Silbert<br>Robert S. Berezin<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br><br>David J. Cohen<br>WEIL, GOTSHAL & MANGES LLP<br>1395 Brickell Avenue, Suite 1200<br>Miami, Florida 33131<br><br>*Counsel for Appellee Steward Health Care System LLC* | Sarah A. Shultz<br>AKIN GUMP STRAUSS HAUER &<br>FELD LLP<br>2300 North Field Street Suite 1800<br>Dallas, TX 75201<br><br>*Counsel for Appellee Official Committee of Unsecured Creditors of Steward Health Care System LLC* |
| Andrew M. Leblanc<br>Brett P. Lowe<br>MILBANK LLP<br>1101 New York Avenue, NW<br>Washington D.C. 20005-4269<br><br>*Counsel for Appellee the FILO Secured Parties* | Hugh M. McDonald<br>Andrew M. Troop<br>PILLSBURY WINTHROP SHAW<br>PITTMAN<br>31 West 52nd Street<br>New York, NY 10019 6131<br><br>L. James Dickinson<br>PILLSBURY WINTHROP SHAW<br>PITTMAN<br>609 Main Street, Suite 2000<br>Houston, TX 77002<br><br>*Counsel for Interested Party the Commonwealth of Massachusetts* |

| | |
|---|---|
| Robert J. Keach<br>Lindsay K. Milne<br>Letson D. Boots<br>VERRILL DANA LLP<br>One Portland Square, 10th Floor<br>Portland, ME 04101<br><br>Allan Brent Diamond<br>Christopher Donald Johnson<br>DIAMOND MCCARTHY LLP<br>2711 N. Haskell Ave. Suite 3100<br>Dallas, TX 75204<br><br>*Counsel for Interested Parties Dr. Manisha Purohit, Dr. Diane Paggioli, Dr. James Thomas, Dr. Thomas Rossi, Dr. Michael Regan, Dr. Peter Lydon, Dr. Sridhar Ganda, Dr. A. Ana Beesen, Dr. Benjoy Zachariah, Dr. Barry Arkin, Dr. Bruce Kriegel, and Dr. Gary Miller* | Timothy W. Walsh<br>Michele Lynne Jacobson<br>STEPTOE LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br><br>*Counsel for Interested Party TRACO International Group S. de R.L.* |

/s/ Sumi Sakata
Sumi Sakata
Trial Attorney