No. 4:25-cv-03755

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

---

In re STEWARD HEALTH CARE SYSTEM LLC, *et al.*, Debtors.

---

KEVIN M. EPSTEIN, UNITED STATES TRUSTEE FOR REGION 7, Appellant,

v.

STEWARD HEALTH CARE SYSTEM LLC, *et al.*, Appellees.

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Bankr. Case No. 24-90213

---

**REPLY OF APPELLANT KEVIN M. EPSTEIN,
UNITED STATES TRUSTEE, IN SUPPORT MOTION TO LIFT
ABATEMENT OF MERITS BRIEFING**

---

LISA A. TRACY
Deputy General Counsel
BETH A. LEVENE
Associate General Counsel
ANDREW W. BEYER
SUMI SAKATA (S.D. Tex. No. 2743902)
Trial Attorneys
Department of Justice
Executive Office for
 United States Trustees
441 G Street, NW, Suite 6150
Washington, DC 20530
Tel.: (202) 307-1399
Email: Andrew.W.Beyer@usdoj.gov
Email: Sumi.Sakata@usdoj.gov

KEVIN M. EPSTEIN
United States Trustee for Region 7
MILLIE APONTE SALL
Assistant United States Trustee
HA M. NGUYEN
Trial Attorney

Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77702
Tel.: (713)718-4650
Email: Ha.Nguyen@usdoj.gov

Appellant Kevin M. Epstein, the United States Trustee for Region 7, submits this reply in support of his motion to lift the abatement of merits briefing and allow the United States Trustee to pursue his appeal of the bankruptcy court's orders, Dkt. 22.

Appellees have opposed the United States Trustee's motion, arguing that their mediation with the Commonwealth is progressing and that allowing the United States Trustee's appeal to proceed is inefficient.[1]  Dkt. 23.  But the only question here is whether other parties' desire to avoid simultaneous mediation and litigation of their separate appeals satisfies the requisite standard to further abate the United States Trustee's appeal, which would not be impacted by a successful mediation.  The answer is no.

As an initial matter, Appellees misapprehend the current posture of proceedings, claiming the government is seeking to "undo a deliberate case-management decision only weeks after it was entered."  Dkt. 23 at 2.  To the contrary, this Court expressly determined that it would "find a compromise" in the parties' positions by providing the Commonwealth and Appellees a chance to mediate until July 13, 2026, and by inviting the United States Trustee to submit in writing his reasons why this appeal should proceed.  Ex. 1 (Tr. 26:6-13).  The United States

---

[1] Defined terms retain their meaning from the United States Trustee's motion to lift abatement of merits briefing.  References to "Ex. 1" are to Exhibit 1 of the United States Trustee's motion.

Trustee is following this Court's direction in explaining why the Commonwealth's, or any other appellant's, mediation with Appellees should no longer delay the government's appeal.

As noted in the United States Trustee's motion, an applicant seeking a stay of court proceedings must show a "clear case of hardship or inequity" that would result if the proceedings go forward. Dkt. 22 at 8, citing *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). In their attempt to meet this standard, Appellees speculate that allowing the merits briefing to proceed might "distract" from the mediation. Dkt. 23 at 6. Such speculation fails to meet the "clear case of hardship" requirement. Parties frequently litigate and negotiate simultaneously. Both the Commonwealth and Appellees are already represented by multiple attorneys who are more than capable of handling both litigation and mediation. If, as Appellees argue, there is greater efficiency in all Confirmation Appeals being argued and heard together, then the Commonwealth should also proceed with briefing.

Indeed, courts have held that that a "mere possibility of settlement" does not constitute cause to extend court deadlines. *Lewis v. Am. Bankers Life Ins. Co.*, No. B-05-282, 2007 U.S. Dist. LEXIS 106, at *3 (S.D. Tex. Jan. 3, 2007) (declining to amend scheduling order where parties acknowledge they may not be able to reach a settlement); *Buckley v. Moore*, No. 21-2072, 2022 U.S. Dist. LEXIS 194677, at *2 (E.D. La. Oct. 24, 2022) (noting that "parties did not demonstrate how settlement

discussion[s] prevent them from meeting existing deadlines").[2]  This is all the more so when the mediation discussions at issue neither involve the United States Trustee nor impact his appeal.

It is disingenuous for Appellees to posit that successful mediation might narrow the issues that the Court must decide.  Dkt. 23 at 8.  The mediation will not eliminate or narrow *any* issue in the United States Trustee's appeal.  Nor, contrary to Appellees' suggestion, would a successful mediation change whether consolidation or direct certification remains useful.  Dkt. 23 at 8.  As the Commonwealth stated, the only difference that will result if its mediation succeeds is that it will not take part in the appeals.  Ex. 1. (Tr. at 17:11-17).  The same would equally be true if TRACO also engages in mediation.  The issues raised by the United States Trustee's appeal will remain the same.

As to the other pending motions (*i.e.,* to consolidate the Settlement and Confirmation Appeals and to certify them for direct review), Appellees fail to explain how removal of one or two of the appellants from the appeals will change the applicable standard governing whether the motions should be granted.  Moreover, the United States Trustee is not pursuing an appeal of the settlement order and thus has

---

[2] To that end, Appellees' reliance on this Court's decision in *Coker v. Select Energy Servs, LLC*, 161 F. Supp. 3d 492, 495-96 (S.D. Tex. 2015) is misplaced.  There, this Court stayed a case pending resolution by the Fifth Circuit of a controlling question of law governing the Court's jurisdiction over the case; *Coker* is thus inapposite to whether some parties' mediation warrants abating another party's appeal.

3

no interest in whether his appeal is consolidated with the Settlement Appeals.  He

further took no position on the motion for direct review of the appeals.  Although the

United States Trustee initially favored consolidating the Confirmation Appeals, he

does not seek such consolidation if it results in even further delays.  In other words,

the United States Trustee does not need the other pending motions to be resolved for

this Court to hear his appeal.

Appellees argue that the United States Trustee has not shown "concrete

prejudice" from a "short delay" or "brief pause" of these proceedings.  Dkt. 23 at 9.

This contention misses the mark for several reasons.

First, it is Appellees who must show the "clear case" of harm they would suffer

if court proceedings continued.  *Landis*, 299 U.S. at 255.  Appellees' argument

improperly attempts to flip the applicable burden.

Second, the United States Trustee has already endured more than a "short

delay" or "brief pause" of the appellate proceedings.  As explained in his motion, he

has been prepared to file his opening brief since January 2, 2026.  Dkt. 22 at 5. He

stipulated to the multiple subsequent extensions of the briefing deadline only to

accommodate the Commonwealth's requests.  *Id.*  Appellees contend that the

mediation with the Commonwealth is "expected" to conclude on September 11.  Dkt.

23 at 10.  But Appellees also suggest that they might request continued abatement of

merits briefing pending their mediation with TRACO, which they anticipate beginning

in "late summer." Dkt. 23 at 3, 10-11.  Appellees cannot seriously contend that

4

another round of open-ended delay, due solely to their seriatim mediations, is simply a "brief pause." Nor would it be appropriate to delay the United States Trustee's appeal for Appellees' mediation with TRACO that will not commence until a full year after the United States Trustee filed his appeal. Bankr. Dkt. 5854 (Aug. 8, 2025, notice of appeal).

Relatedly, Appellees' protestations that the mediations are not "indefinite" ring hollow. Dkt. 23 at 10. They claim the duration of the stay is "easily identifiable" as it constitutes the time in which the mediation "succeeds or ultimately fails." *Id.* But the mediation's success or failure is dependent on the parties' discretion and is thus *not* an identifiable period. As things stand, it is within the power of Appellees to continue to delay briefing unless and until this Court orders the regular appellate process to resume. Further, although they speculate an end date of September for the Commonwealth's mediation, the mediation with TRACO has not even started.

Finally, there is harm from the prolonged delay. The indefinite abatement of merits briefing interferes with the United States Trustee's right to appellate review of the bankruptcy court's orders. Administrative creditors have a right to be paid what they are owed for the debtor's administrative expenses, and the confirmation of a chapter 11 plan that circumvents that right, and other statutory protections, should be reversed. Delaying that reversal, and potentially allowing other such improper plans to be proposed and confirmed, harms the public interest.

## CONCLUSION

For these reasons, the United States Trustee respectfully asks this Court to lift

the abatement and allow briefing on the merits of this bankruptcy appeal to proceed.

Respectfully submitted,
KEVIN M. EPSTEIN
United States Trustee for Region 7

July 24, 2026

By: /s/ Sumi Sakata
Sumi Sakata
Trial Attorney

LISA A. TRACY                         KEVIN M. EPSTEIN
Deputy General Counsel                United States Trustee for Region 7
BETH A. LEVENE                        MILLIE APONTE SALL
Associate General Counsel             Assistant United States Trustee
ANDREW W. BEYER                       HA M. NGUYEN
SUMI SAKATA (S.D. Tex. 2743902)       Trial Attorney
Trial Attorneys

Department of Justice                 Department of Justice
Executive Office for                  Office of the United States Trustee
 United States Trustees               515 Rusk Street, Suite 3516
441 G Street, NW, Suite 6150          Houston, Texas 77702
Washington, DC 20530                  Tel.:  (713)718-4650
Tel.:  (202) 307-1399                 Email: Ha.Nguyen@usdoj.gov
Email: Sumi.Sakata@usdoj.gov

6

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Bankruptcy Procedure 8013(f)(3)(C) because, excluding the parts of the document exempted by Federal Rule of Bankruptcy Procedure 8015(g), this document contains 1,287 words.

This document complies with the typeface and type-style requirements of Federal Rule of Bankruptcy Procedure 8013(f) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond font.

/s/ Sumi Sakata
Sumi Sakata
Trial Attorney

# CERTIFICATE OF SERVICE

I certify that on July 24, 2026, I caused this motion to be served via the

CM/ECF Electronic Filing system and first-class mail upon the following:

| | |
|---|---|
| Clifford W. Carlson<br>Stephanie N. Morrison<br>WEIL, GOTSHAL & MANGES LLP<br>700 Louisiana Street, Suite 3700<br>Houston, TX 77002-2755<br><br>Jeffrey D. Saferstein<br>Gregory Silbert<br>Robert S. Berezin<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br><br>David J. Cohen<br>WEIL, GOTSHAL & MANGES LLP<br>1395 Brickell Avenue, Suite 1200<br>Miami, Florida 33131<br><br>*Counsel for Appellee Steward Health Care System LLC* | Sarah A. Shultz<br>AKIN GUMP STRAUSS HAUER &<br>FELD LLP<br>2300 North Field Street Suite 1800<br>Dallas, TX 75201<br><br>*Counsel for Appellee Official Committee of Unsecured Creditors of Steward Health Care System LLC* |
| Andrew M. Leblanc<br>Brett P. Lowe<br>MILBANK LLP<br>1101 New York Avenue, NW<br>Washington D.C. 20005-4269<br><br>*Counsel for Appellee the FILO Secured Parties* | Hugh M. McDonald<br>Andrew M. Troop<br>PILLSBURY WINTHROP SHAW<br>PITTMAN<br>31 West 52nd Street<br>New York, NY 10019 6131<br><br>L. James Dickinson<br>PILLSBURY WINTHROP SHAW<br>PITTMAN<br>609 Main Street, Suite 2000<br>Houston, TX 77002<br><br>*Counsel for Interested Party the Commonwealth of Massachusetts* |

| | |
|---|---|
| Robert J. Keach<br>Lindsay K. Milne<br>Letson D. Boots<br>VERRILL DANA LLP<br>One Portland Square, 10th Floor<br>Portland, ME 04101<br><br>Allan Brent Diamond<br>Christopher Donald Johnson<br>DIAMOND MCCARTHY LLP<br>2711 N. Haskell Ave. Suite 3100<br>Dallas, TX 75204<br><br>*Counsel for Interested Parties Dr. Manisha Purohit, Dr. Diane Paggioli, Dr. James Thomas, Dr. Thomas Rossi, Dr. Michael Regan, Dr. Peter Lydon, Dr. Sridhar Ganda, Dr. A. Ana Beesen, Dr. Benjoy Zachariah, Dr. Barry Arkin, Dr. Bruce Kriegel, and Dr. Gary Miller* | Timothy W. Walsh<br>Michele Lynne Jacobson<br>STEPTOE LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br><br>*Counsel for Interested Party TRACO International Group S. de R.L.* |

/s/ Sumi Sakata
Sumi Sakata
Trial Attorney